OPINION
Appellants Kevin Hall and Danielle Johnson appeal the decision of the Tuscarawas County Court of Common Pleas that denied their motion to suppress evidence discovered in the search of their apartment. The following facts give rise to this appeal.
On February 18, 1999, Police Officer John Murphy stopped Appellant Hall for failure to have a valid driver's license. At the time of the stop, Appellant Hall was driving a vehicle owned by Appellant Johnson. Officer Murphy knew appellant did not have a valid driver's license as a result of contact with Appellant Hall several hours prior to this stop. Officer Murphy placed Appellant Hall under arrest for failure to have a valid driver's license. Officer Murphy proceeded to conduct a standard inventory search of the vehicle prior to towing the vehicle from the scene. During the inventory search, Officer Murphy discovered marihuana and a peculiar pipe used for smoking marihuana.
Appellant Hall claimed the contraband discovered in the vehicle did not belong to him. After completion of the inventory search, Officer Murphy transported Appellant Hall to the police department. At the police department, Officer Murphy and Sergeant Brian Hursey asked Appellant Hall for permission to search his apartment. Appellant Johnson rented the apartment, however, Appellant Hall stayed at the apartment with Appellant Johnson. The officers asked to search the apartment because the Newcomerstown Police knew that appellant had a 1995 conviction, in Coshocton County, for trafficking in drugs. Further, during the course of recent drug trafficking investigations, an informant provided information that Appellant Hall was selling drugs.
Officer Murphy and Sergeant Hursey transported appellant to the apartment. Appellant entered the apartment, with his key, while the officers waited outside the door. Shortly after Appellant Hall entered the apartment, Appellant Johnson appeared and the officers explained the reason for their presence and asked her for permission to search the apartment. Appellant Johnson initially refused to consent to a search. Sergeant Hursey informed Appellant Johnson that he would contact a judge for a search warrant and began to leave the premises. Appellant Johnson expressed her concern about Appellant Hall's two children that were sleeping in the front room. Officer Murphy indicated that they would not disturb the children. Thereafter, Appellant Johnson consented to the search.
Appellant Johnson admitted the two officers into the apartment. The officers proceeded to the kitchen area where Appellant Johnson signed a consent to search form. Thereafter, the officers began their search and discovered marihuana and other paraphernalia on a tray, on a table, in the front room. At one point, one of the officers talked about obtaining a search warrant to bring in a drug dog to do a more thorough search. At that point, Appellant Johnson led the officers to another room where they discovered marihuana, hashish, drug equipment and other paraphernalia.
On July 15, 1999, the Tuscarawas County Grand Jury indicted both appellants for one count each of possession of drugs. Appellants both filed motions to suppress the evidence of drugs due to an unconstitutional, warrantless search of their apartment. Following a hearing on the matter, the trial court filed a judgment entry on October 20, 1999, overruling both motions. Appellants subsequently entered pleas of no contest and the trial court sentenced them accordingly.
Appellants filed notices of appeal in which they set forth one assignment of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY APPLYING THE WRONG STANDARD OF PROOF TO THE DEFENDANT'S MOTION TO SUPPRESS.
 I
In their sole assignment of error, appellants contend the trial court applied the incorrect burden of proof in determining whether Appellant Johnson voluntarily consented to a search of the apartment. We agree.
Prior to addressing the merits of appellants' appeal, we first address the applicable standard of appellate review for a motion to suppress. In the case sub judice, appellants argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In this type of a challenge, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. It is based on this standard that we review appellants' assignment of error.
Appellants maintain the trial court improperly applied a preponderance of the evidence standard in determining whether Appellant Johnson voluntarily consented to the search of the apartment. Appellants contend the trial court should have used a clear and convincing standard of proof in making this determination. Based on our review of the case law, we find appellants are correct and conclude the trial court committed an error of law when it applied a preponderance of the evidence burden of proof.
We note that the courts in this state are split on the issue. The following courts have determined that the burden of proof for consent is a preponderance of the evidence standard: State v. Trent (Dec. 23, 1999), Montgomery App. No. 17705, unreported; State v. Boyd (1998),90 Ohio Misc.2d 20; State v. Guiterrez (1996), Medina App. No. 2515-M, unreported; State v. George (June 15, 1993), Clark App. No. 2967, unreported; State v. Mendlik (Sep. 9, 1988), Geauga App. No. 1419, unreported; State v. Moon (Feb. 14, 1986), Montgomery App. No. 9288, unreported; and State v. Elliot (May 6, 1983), Clark App. No. 1741, unreported.
This court has previously adopted the clear and convincing standard proposed by appellants. In the case of State v. Gouveia (Oct. 25, 1989), Ashland App. No. CA-925, unreported, we found that the state bears the burden of proving, by clear and convincing evidence, that a defendant voluntarily gave consent to a search. Id. at 2. We explained that:
 When the subject of a search is not in custody and the state attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent. Id.
The standard of clear and convincing is defined as:
 * * * that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations [or issues] sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt * * *. Cross v. Ledford (1954), 161 Ohio St. 469, 477.
In addressing the issue of voluntariness, the trial court should consider the following six factors:
 (1) The voluntariness of the defendant's custodial status;
(2) The presence of coercive police procedures;
 (3) The extent and level of the defendant's cooperation with the police;
 (4) The defendant's awareness of his right to refuse to consent;
(5) The defendant's education and intelligence; and
 (6) The defendant's belief that no incriminating evidence will be found. State v. Webb (Jan. 28, 2000), Montgomery App. No. 17676, unreported.
Accordingly, we sustain appellants' sole assignment of error and remand this matter to the trial court for the court to apply the appropriate standard in determining whether consent to search was voluntarily provided by Appellant Johnson.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J.
Gwin, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
CASE NOS. 2000AP030025 and 2000AP030026.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion. Appellee State of Ohio shall be responsible for costs in this matter.